HOUSTON OIL CO. OF TEXAS v. TALIA-
FERRO et al.   (No. 6734.)

(Court of Civil Appeals of Texas.   Galveston.
June 18, 1914.)

INJUNCTION (§ 137*)—TEMPORARY INJUNCTION
—RIGHT TO WRIT.

Where, in trespass to try title, complain-
ant claimed 460 acres out of an 810-acre tract,
and sought to restrain defendants from cutting
timber from its portion of the land, while de-
fendant T. claimed to own 350 acres of the
tract, and denied cutting any timber from com-
plainant's land, the only issue being the loca-
tion of the boundary line, on which the evidence
was conflicting, and there being no allegation
that defendants or either of them were insol-
vent or not able to respond in damages for
any timber cut from complainant's land, the
court did not err in refusing a temporary in-
junction.

[Ed. Note.—For other cases, see Injunction,
Cent. Dig. §§ 307–309; Dec. Dig. § 137.*]

Appeal from District Court, Newton Coun-
ty; A. E. Davis, Judge.

Suit by the Houston Oil Company of Texas
against W. F. Taliaferro and another. From
an order denying complainant's application
for a temporary injunction, it appeals. Af-
firmed.

H. O. Head, of Sherman, and Parker &
Kennerly and John L. McMeans, all of Hous-
ton, for appellant.   W. G. Taliaferro, of
Bryan, and Oliver J. Todd, of Beaumont, for
appellees.

PLEASANTS, C. J.   This appeal is from
an order of the district court of Newton coun-
ty refusing to grant appellant a temporary
injunction in a suit of trespass to try title
brought by appellant against appellees to
recover 460 acres of land, a part of a tract of
810 acres on the Seth Swift league, in New-
ton county. In addition to the usual allega-
tions in an action of trespass to try title,
plaintiff's petition alleges that defendants
have cut and removed a large quantity of
timber from plaintiff's land, and that said
defendants—

"are still cutting, felling, and removing the
timber from said 460-acre tract of land owned
by plaintiff without the consent and over the
protest of plaintiff, and without any authority
or right whatever so to do, and without any
reasonable grounds for believing that they have
any right so to do, and plaintiff says that, un-
less restrained by your honor's most gracious
writ of injunction, said defendants will continue
to cut, fell, and remove from said tract of land
owned by plaintiff the timber growing thereon,
and will appropriate the same and the proceeds
thereof to their own use and benefit, to the great
and irreparable damage of this plaintiff."

In addition to a prayer for the recovery of
the land and the value of the timber taken
therefrom by the defendants, the petition con-
tains the following prayer:

"Plaintiff further prays that your honor grant
to it your most gracious writ of injunction, re-
straining and enjoining said defendants, and
each of them, their agents, representatives, serv-
ants, and employés, from further trespassing
upon said 460-acre tract of land above described,
and from further cutting, felling, or removing
any of the timber therefrom, save and except
such timber as had already been cut and felled
by them, and now laying on the ground, but, as
to said timber as had already been cut and felled
by said defendants, plaintiff does not ask that
they be enjoined from removing the same, for
the reason that this plaintiff is not in a position
to take care of same, and, if left to remain up-
on the ground in its present state, will deterio-
rate and ruin."

The petition was properly verified. It was
presented to the district judge on February
24, 1914, and a hearing upon the application
for temporary injunction was set for March
2, 1914, and notice thereof ordered issued to
defendants. Upon the day set for the hear-
ing the defendants appeared and answered.
The hearing upon the petition and answer
and evidence introduced by the parties result-
ed in a judgment refusing plaintiff's prayer
for an injunction.

It appears from the pleadings and evidence
introduced upon the hearing that the defend-
ant Taliaferro owns a tract of 350 acres on
the 810-acre tract mentioned and described
in plaintiff's petition, and that the remainder
of said 810-acre tract is owned by the plain-
tiff. The defendants denied that they had
cut any timber from plaintiff's land, and
claimed that all of the timber cut by them
was taken from the 350-acre tract owned by
appellee Taliaferro. The only issue of fact
raised by the evidence was in regard to the
location and boundaries of the 350-acre tract.
Upon this issue the evidence was conflicting,
but there is ample evidence to sustain the
finding that the location and boundaries of
said tract are as claimed by defendants, and
that defendants have not cut any timber on
plaintiff's land, and are not threatening to
cut any timber thereon. There is no allega-
tion that defendants, or either of them, is
insolvent, or that they are not amply able to
respond in damages if, upon a final trial, it
be found that they have cut any timber on
appellant's land. Upon this state of the
record we cannot hold that the trial court
erred in refusing the injunction, and the
judgment must be affirmed.

Affirmed.