CRITERION THEATRE CORPORATION v. STARNS.

No. 31612. Dec. 12, 1944.

*154 P. 2d 92.*

Gilliland, Ogden, Withington & Shirk, of Oklahoma City, for plaintiff in error.

Cruce, Satterfield & Grigsby and Ben Franklin, all of Oklahoma City, for defendant in error.

PER CURIAM. On the 16th day of December, 1942, Ida Starns, hereinafter called plaintiff, filed her action against the Criterion Theatre, a corporation, defendant, alleging that while a paid patron of the theatre she fell down the balcony steps and sustained injuries. Judgment was for the plaintiff for $1,000, and defendant appeals.

The facts are, substantially, that plaintiff, together with a woman companion, went to the theatre some time after noon on July 19, 1942, and took a seat in the fifth row of the balcony of the theatre. When she went into the theatre it was dark. The balcony steps leading to the fifth row are what are known as irregular steps, meaning that the tread of each step is different in length. Both the rise and tread are covered by a carpet and every third row of seats has, at the end seat, a small light reflecting the light downward for the purpose of lighting the balcony steps. When the plaintiff attempted to leave the theatre the theatre was still in the darkened condition necessary to a proper showing of the picture. In attempting to leave the platform and go down the steps and out into the stairway leading to the street floor she fell and sustained the injuries of which she complains. The nature and extent of the injuries are not in controversy in this case.

The plaintiff pleaded and relied upon (1) insufficient lighting; (2) negligence occasioned by the irregular steps; (3) a rounding condition on the tread of the steps occasioned by the overlapping of the carpet at the edge of the steps.

In sixteen allegations of error the defendant has presented five general propositions. It is first contended that there is no evidence sufficient to support negligence and that the court erred as a matter of law in submitting the cause to the jury over its demurrer to the evidence and motion for directed verdict. In this connection defendant states, first, that where a standard of lighting and construction has been followed and the allegations and proof are poor lighting and faulty construction, and the evidence shows no defects such as worn or broken steps or lights supposed to be turned on but not turned on, or, in other words, a compliance with the standard generally set and used in the construction of like theatres, there is no evidence of negligence. Second, where experts testify that such standards in construction and lighting have been met and there is no controverting expert evidence, there is no evidence of negligence. Defendant cites and relies upon: McGregor v. Saenger-Ehrlich Enterprises, Inc., et al. (La.) 195 So. 624; Givens v. DeSoto Building Co., 156 La. 377, 100 So. 534; Hunker v. Warner Bros Theatres, Inc., 115 W. Va. 641, 177 S.E. 629;

Dalton v. Hooper (Tex. Civ. App.) 168 S. W. 84, and other cases. The leading cases on the question are found in the cumulative references following Waddell v. Brashear, 257 Ky. 390, 78 S.W. 2d 31, 98 A.L.R. 553, annotations commencing page 557, and consist of annotations at 22 A.L.R. 610; 29 A.L.R. 29; 38 A.L.R. 357; 44 A.L.R. 203; 53 A.L.R. 855; 61 A.L.R. 1089. Several cases announce the rule suggested, or modified form thereof, although the fact situations do not always warrant the statement. See Hunker v. Warner Bros. Theatres, Inc., supra, where the court held the evidence did not support the allegations. In Columbia Amusement Co. v. Rye, 288 Ky. 179, 155 S.W. 2d 727, in discussing the question of standard construction, it is stated that there can be no uniform or standard construction of the interior of a theatre balcony since the length and width necessarily determine the arrangement and elevation of the aisles and seats. In discussing the weight to be given to the testimony of experts on which proof of standards of construction is based, it is stated:

"And thus we are confronted with the necessity of accepting as conclusive the uncontradicted testimony of the architect who designed the balcony, the lighting expert, and others, that the lighting of the balcony was more than sufficient considering the need of darkness during the display of films, and that the balcony was of standard and approved construction, or of holding that the combination of the elevated platform without a guard rail separating it from the aisle and the absence of floor or aisle lights in the cross aisle, created a situation, the preventability and danger of which, laymen were competent to decide. We prefer to adopt the latter course as more consistent with reason and the practical administration of justice, since, after all, lights, platforms, railings, and seats in theatres are within the observation and experience of ordinary men and require no special study to determine whether their arangement in a particular combination constitutes a hazard to the public."

When any method of theatre lighting or construction is sought to be established by expert testimony, the probative value of such testimony is for the jury. Grismore v. Consolidated Products Co., 232 Iowa, 328, 5 N.W. 2d 646; LaSell v. Tri-States Theatre Corp. (Iowa) 11 N.W. 2d 36.

It has been held that it cannot be said as a matter of law that the maintenance in a moving picture show, sufficiently darkened for the purpose of the exhibition, of a platform on which seats are arranged several inches above the aisle without lighting the place at which a step-off occurs, is or is not negligence; but the question is one for the determination of the jury. And in an action for injuries sustained by reason of alleged negligence of a moving picture proprietor in failing sufficiently to light a stairway, it has been held a question for the jury to determine whether the lighting was sufficient to make the premises as reasonably safe as was consistent with the practical operation of the theatre. Emery v. Midwest Amusement & Realty Co., 125 Neb. 54, 248 N.W. 804; 62 C.J. 869, 870.

In determining whether the premises are reasonably safe regard must be had to the fact that the public come and go at any time, and that the proprietor should anticipate that they may arrive or depart when the lights are down, and to meet this situation the care required of him should be commensurate with the danger. The matter being one about which reasonable men might entertain an honest difference in opinion, the question should be left to the jury. Magruder v. Columbia Amusement Co., 218 Ky. 761, 292 S.W. 341. And in Rutherford v. Academy of Music, 87 Pa. Super. Ct. 355, it is stated:

"Places in which plays, moving pictures and certain other forms of entertainment are given must be made substantially dark during the exhibition. But it is a matter of common knowledge that it is the practice of the proprietors of theatres and moving picture establishments to protect patrons against this necessary darkness by equipping ushers with flashlights and requiring the ush-

ers to assist patrons when they enter such a place of entertainment when it is dark. The law required this defendant to do nothing unreasonable. Reasonable protection to plaintiff under all the circumstances is the measure of its responsibility. Whether it performed its duty was a jury question."

The testimony of the architect in the case at bar was to the effect that the lighting and the construction of the balcony met the required standards and city officials were called to testify that all of the ordinances of the city of Oklahoma City were met in the construction and lighting of the balcony. The testimony of the architect that the stairway was constructed in conformity with the general approved standards and usual building plans for that type of structure did not serve to absolve defendant from the charge of negligence. The general practice or custom did not exonerate defendant unless such practice or custom was consistent with due care. Neel v. Mannings, Inc., 19 Cal. 2d 647, 122 P. 2d 576; 19 Cal. Jur. 581, § 25; Mehollin v. Ysuchiyama, 11 Cal. 2d 53, 57, 77 P. 2d 855; Robinet v. Hawks, 200 Cal. 265, 274, 252 P. 1045; Perry v. Angelus Hospital Ass'n, 172 Cal. 311, 315, 156 P. 449.

We therefore hold that the question of insufficient lighting, the condition of the steps, and the condition of the carpet were issues properly submitted to the jury.

It is next argued that the court erred in giving instruction No. 9 to the effect that the defendant was obliged to exercise a high degree of care. One who operates a place of public amusement or entertainment is held to a stricter accountability for injuries to patrons than owners of private premises generally; he is not the insurer of the safety of patrons, but owes to them only what, under the particular circumstances, amounts to ordinary and reasonable care. Emery v. Midwest Amusement & Realty Co., supra. This rule is set out at the heading of each of the annotations in A.L.R. above referred to. However, this rule is not universal. In standard Theatres Corporation v. Hughes, 185 Okla. 377, 91 P. 2d 1058, this court approved an instruction in almost the identical language of instruction No. 9. In fact, in the case at bar defendant admits that the instruction is proper if Standard Theatre Corporation v. Hughes, supra, is followed. In that case there is cited the text of Law of Motion Pictures and Theatres, sec. 75, p. 306, which quotes from the case of Branch v. Klatt, 165 Mich. 666, 131 N. W. 107, in which it is stated that the Supreme Court of Michigan has laid down the best rule of all the reported decisions with respect to the liability of the theatre proprietor when his theatre is darkened during a performance. The rule announced therein and in Standard Theatres v. Hughes, supra, is cited and commented upon in the original annotation at 22 A.L.R. p. 610, wherein our own opinion of Tulsa Entertainment Co. v. Greenlees, 85 Okla. 113, 205 P. 179, 22 A.L.R. 602, is reported. The rule announced in Standard Theatres Corp. v. Hughes, supra, was a deliberate and well-considered one, three justices dissenting, and we see no reason to change the rule therein announced.

It is next argued that the court erred in giving instruction No. 16. Defendant states that it is the duty of the trial court on its own motion to instruct on the issues presented by the pleadings. This is a correct statement of the law. But the defendant complains that instruction No. 16 does not cover all of the issues. It is not necessary for one instruction to cover all of the issues. Instruction No. 16, when taken with the other instructions, reasonably submits the issues to the jury.

It is next argued that the court erred in refusing defendant's requested instruction No. 6. It is, in effect, an instruction that the duty of the defendant is somewhat of a compromise between the duty to a patron attempting to enter or leave a darkened theatre and the right of a patron to properly view the picture. It is apparently based on the statement in the opinion of Falk v. Stanley Fabian Corp., 115 N.J.L. 141,

178 Atl. 740. However valuable the language stating the philosophy of the particular writing therein, we feel that an instruction in that language to the jury would tend only to confuse. As stated in Standard Theatres Corp. v. Hughes, supra, the facts and circumstances tending to establish the performance of the duty by the defendant were for the jury. It is not error for the trial court to refuse to give an instruction if practically the same proposition of law is covered by the court in other instructions to the jury. Rowland v. Morgan, 178 Okla. 600, 63 P. 2d 712; Safe-Way Cab Service Co. of Oklahoma City v. Gadberry, 180 Okla. 51, 67 P. 2d 434; Champlin Refining Co. of New Mex. v. Huntington, 180 Okla. 280, 69 P. 2d 31; Colchensky v. Williamson, 181 Okla. 58, 72 P. 2d 337. There is no error in refusing the requested instruction.

Proposition 5 has been noticed. It is based upon the failure to instruct and assumes the error of the rule announced in Standard Theatres Corp. v. Hughes, supra.

The judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, WELCH, HURST, and DAVISON, JJ., concur.