**Dallas FULLER, a minor, by his mother, Betty Fuller, as next Friend, Plaintiff in Error,**

**v.**

**Lloyd Gene NEUNDORF, Defendant in Error.**

**No. 36565.**

Supreme Court of Oklahoma.

Jan. 31, 1956.

Richard E. Romang, Enid, for plaintiff in error.

Frank Carter, Enid, Pierce, Mock & Duncan, Oklahoma City, for defendant in error.

WELCH, Justice.

Dallas Fuller, a minor, by his mother, Betty Fuller, as next friend, sued Lloyd Gene Neundorf for damages for personal injuries sustained by the plaintiff as a result of a collision of automobiles, and allegedly caused by certain acts of negligence of the defendant. The defendant filed an answer in the suit constituting a general denial of all the plaintiff's allegations of negligence of the defendant, and stating a further defense that the collision was caused or contributed to by certain alleged acts of negligence of the driver of the automobile in which the plaintiff was a passenger, and further that the collision and resulting injuries therefrom were an unavoidable casualty in so far as the defendant was concerned. The plaintiff filed a motion that the defendant be required to elect between his asserted defenses of contributory negligence and unavoidable casualty, which motion was overruled.

At trial the mother of the minor plaintiff testified that on a certain date at about 9 o'clock P.M. and it was dark, she was the driver of an automobile and proceeding in a northerly direction on a north-south roadway at a speed of about 45 miles per hour and toward a point where the said roadway was intersected by an east-west roadway; that she did not see another car until she started into the intersection when she saw the defendant's car to her right and which she thought to be about sixty or seventy feet away. The next thing she knew was when the defendant's car hit her car; that the plaintiff was a passenger in her car and sustained certain personal injuries as the result of the said collision.

The witness identified a photograph of her car made after the collision. The photograph reveals severe indentations and breaks in a side of the car from a point below the base of the windshield to a point slightly behind the rear wheel.

A trooper for the State Department of Public Safety arrived at the scene of the collision about an hour after the collision. The trooper testified that he found glass and debris in the southeast corner of the intersection, in the center, and that he found glass and debris pretty well over the north side of the intersection; that he found tracks leading from the southeast part of the intersection over to where the vehicles were then parked; that there were tracks leading to a distance of 65 feet to the defendant's car parked in a ditch and headed west and at the north side of the east-west road and to the west of the north-south road, and also tracks leading to a distance of 77 feet to the other car parked in a ditch at the west side of the north-south road and to the north of the east-west road. The witnesses testified concerning an experiment conducted in the vicinity of the intersection two days after the collision; that at said time, and it was after dark, he walked about 150 feet in each direction from the intersection, and that a car was driven on the roadways to the intersection; that standing on the roadway about 150 feet from the east of the intersection you were first able to see over a field of wheat just the top of a car coming from the south traveling north, or enough of the car to tell it was a vehicle coming; that you could not see the headlights on the car, but could see the light from the headlights; that usually car lights will light up about five or six hundred feet fairly well.

A photograph of the intersection taken from the roadway to the south was introduced in evidence, and there was testimony concerning injuries received by the plaintiff as a result of the collision.

The defendant testified concerning events before the collision that he was driving his car in a westerly direction on the east-west road at a speed about 45 miles per hour, and toward the intersection of the north-south road, that to the north he observed the lights of a car heading south and that to the south he observed no movement or light; that he went into the intersection at 45 miles per hour and immediately there was a flash and he was rendered unconscious.

A driver of a south bound car on the north-south roadway at the time of the collision, gave testimony to the effect that he

saw the west bound car and the north bound car as they approached the intersection, and that the two cars reached the intersection in a tie. The witness stated his car lights were on the north-south roadway as he proceeded south on the roadway, and that he was about a block to the north of the intersection when the two cars collided in the intersection.

Trial was to a jury and resulted in a verdict and judgment for the defendant.

The plaintiff in appeal contends it was reversible error for the trial court to overrule the plaintiff's motion to require the defendant to elect as between the defenses of contributory negligence and unavoidable casualty as set forth in defendant's pleading; that it was reversible error for the trial court to instruct the jury on "unavoidable accident," since the defendant had also plead "contributory negligence" and further that there was no evidence to justify instructions on unavoidable accident.

Under circumstances that there was evidence tending to show that the automobiles, one from the south, and one from the east, and being operated at approximately same speeds, arrived at the intersection at the same time, and that there was high ground and with a stand of wheat thereon sufficient to obscure the vision of the drivers as between them, we find there is no cause for the plaintiff, a passenger of the north bound driver, to complain of an instruction on unavoidable accident.

In Fuller v. Neundorf, Okl., 278 P.2d 836, 837, a case growing out of the same collision as here involved, it was held:

> "Under the Code of Civil Procedure a defendant in a tort action, may plead a general denial, contributory negligence and unavoidable accident, and where the evidence tends to disclose, substantially, circumstances which would justify the jury in concluding that there is an inevitable or an unavoidable accident, it is the duty of the court to give an instruction on the issue of unavoidable accident."

The rule as above stated in the earlier Fuller case is here applicable and is here adopted.

The plaintiff asserts the trial court erred in withdrawing from the consideration of the jury the issue of punitive damages.

In Fuller v. Neundorf, supra, the Court said:

> "To entitle the plaintiff to recover exemplary damages in an action sounding in tort, the proof must show some element of fraud, malice, or oppression. The act which constitutes the cause of action must be actuated by, or accompanied with, some evil intent, or must be the result of such gross negligence, such disregard of another's rights, as is deemed equivalent to such intent."

In the mere fact of the pleading of such issue there was no reason to submit the issue to the jury. As we view the testimony herein there was no evidence to support a finding that the defendant acted in fraud, malice or oppression or that the acts complained of were actuated by, or accompanied with an evil intent or the result of such gross negligence with disregard of another's rights as is deemed equivalent to such evil intent. Accordingly, we find no merit in the said assertion of error.

It is argued the trial court erred in a refusal to give the plaintiff's requested instructions numbered 8 and 10.

Instruction No. 8, requested by the plaintiff, contains a reference to a statutory definition of reckless driving, with a statement of law applicable on violation of the statute.

In the instructions given by the court there is a reference to the statutory mandate to drive at a careful and prudent speed, having due regard etc., and as will permit a stop within the assured clear distance ahead, and followed by a statement of law applicable when there is a violation of the statute.

We find, in practical effect, the same proposition of law is covered by the court in the instructions given as that requested by the plaintiff.

> "It is not error for the trial court to refuse to give an instruction if practi-

cally the same proposition of law is covered by the court in other instructions to the jury." Criterion Theatre Corporation v. Starns, 194 Okl. 624, 154 P.2d 92, 95.

The plaintiff's requested instruction No. 10, is addressed to the statutory injunction that a vehicle shall be driven to the right of the center of the roadway.

Attention is directed to circumstances in proof that debris was found in the southeast corner of the intersection and that the defendant's car on the east-west road entered the intersection and into collision therein from the east, and that the other car involved entered from the south. It is argued these circumstances in proof show that defendant's car was to the left of the center of the east-west roadway at the time of collision, and perforce it was error for the court to refuse an instruction on the statutory requirement that a vehicle shall be driven to the right of the center of the roadway.

It is true these circumstances suggest the defendant's car was in some degree to the left of the center line of the east-west road at the time and point of impact or collision, but with the further circumstances in proof, and undisputed, that the cars arrived at intersection at approximately the same time and speed, and that neither car driver had seen the other car until the instant before collision, there is presented no inference that it was a violation of the statutory provision, supra, that was a direct and proximate cause of the collision and resulting injuries. Without evidence to support an inference that a violation of the statute was a direct and proximate or a contributing cause of injury, an instruction on the statute was properly refused.

The plaintiff asserts:

"It was prejudicial error for the trial court to fail to properly instruct the jury upon the fundamental issue of right of way, particularly as to which of the two vehicles had the right of way, if they found that one of them entered the intersection before the other, and it was reversible error to instruct that the one on the left would have to 'reach the intersection an appreciable length of time ahead' of the other in order to have the right of way, especially since such instruction does not define 'an appreciable length of time ahead.'"

The instructions given expressly state the law of the state, that at intersecting roads, vehicles approaching from the right shall have the right of way over those approaching from the left. In said instruction there follows the language complained of, and which appears explanatory of a situation where one has entered an intersection before another and the duty of due care in all circumstances. There follows a specific statement that:

"The driver of the vehicle approaching an intersection shall yield the right of way to a vehicle which has already entered the intersection from a different street."

We find the instructions given fairly present the law applicable to the circumstances in proof herein, as pertains to rights of way at intersections.

Furthermore, under the circumstances that the plaintiff was a passenger of an automobile approaching an intersection from the left of the driver of the other automobile, it appears that the plaintiff has no cause to complain of a statement of circumstances under which a vehicle approaching from the left would have right of way at intersection.

The plaintiff asserts error in a refusal of the court to admit certain evidence offered by the plaintiff.

It is argued the court erred in excluding a drawing of the intersection made at the scene of collision, by a highway patrolman.

The patrolman testified as to measurements and relative location of things he had observed at the scene of the collision, and identified a drawing he had made to illustrate the matters he had testified about. On offer of the drawing in evidence there were questions concerning its accuracy. It does not appear the drawing was to scale

or that it demonstrates any fact not stated in the testimony.

In Missouri K. & T. Ry. Co. v. Smith, 97 Okl. 152, 223 P. 373, 374, it was said:

> "To render admissible in evidence a cut, model, or diagram, preliminary evidence should be given of the correctness of the representation, and, when such cut or diagram is admitted in evidence, not as an exact representation of the interior of the cab of defendant's engine, and where further evidence discloses the difference between such representation and defendant's cab, and defendant is given a full opportunity to explain such cut, held, that the decision of the trial court on the question of the admissibility of such cut will not be reviewed, unless there is a manifest abuse of discretion. Held, further, that no such clear or manifest abuse of discretion appears in the ruling of the trial court on the admissibility of such cut or diagram."

In Provident Life & Accident Ins. Co. of Chattanooga, Tenn. v. Everett, 177 Okl. 588, 61 P.2d 679, said the Court:

> "It is clearly necessary, in order to render diagrams, models, photographs, and the like, admissible in evidence, that preliminary evidence should be given of the correctness of the representation; and, when such evidence is introduced, this is a preliminary question for the determination of the trial judge; and his decision upon this question will not be reviewed by the appellate court."

Herein, under the circumstances we have noted above, we hold there was no abuse of discretion in excluding the drawing from the consideration of the jury.

The plaintiff complains that objection was sustained to a question put to a witness, doctor. Premised on recent examination by the doctor and a history given by the plaintiff's mother, the doctor was asked whether the plaintiff has reached his maximum recovery from injuries at the time of the accident nearly two years ago. Preceding this question the doctor had testified concerning his findings from recent physical examinations of the plaintiff, and that he had been told a history of the plaintiff. The doctor was asked a question premised on a history of the plaintiff's condition over a period of a year and nine months as to whether the conditions so described are more or less permanent. The doctor stated he would not be able to answer that. There followed a series of questions premised on a statement or history of the plaintiff's condition over a period of time, and requesting opinion as to the temporary or permanent character of the condition of the plaintiff and to which questions the court sustained objections. There followed the question about "maximum recovery" above noted and objected to on a basis that it was of effect of a question that had been answered. The objection was sustained.

We are of the opinion the latter question was repetitious of a question that had been answered and there was no abuse of discretion in sustaining objection to the latter question.

Where a question has been asked and answered, it is not error to sustain an objection to practically the same question. See, Ferris v. Shandy, 71 Okl. 35, 174 P. 1060.

The plaintiff contends it was prejudicial error for the court to instruct that "the burden of proof is upon the plaintiff" to establish "all of the material allegations of the petition."

In the consideration that the plaintiff in error charged the defendant with negligence in either or all of six particular acts as a cause of injuries to the plaintiff, it is made to appear that the quoted language above from the court's instruction No. 2 was highly improper. On the other hand, it is noted the court in the further instructions defined "negligence" and "proximate cause" and stated the duty of a driver of vehicles with reference to such particular acts as the plaintiff had alleged the defendant had committed. The court then charged the jury that if it finds that the negligence of the defendant was the

proximate cause of the injuries complained of by the plaintiff, the plaintiff would be entitled to recover.

Under circumstances that the jury was instructed as to what constitutes negligence and concerning the alleged specific acts of negligence charged by the plaintiff, and in view of the paucity of evidence to establish any of the said specific acts of alleged negligence, we hold there was no resulting prejudice to the plaintiff from the improper expression of the court in its instruction No. 2.

The plaintiff asserts it was prejudicial error for the court to refuse to give plaintiff's requested instruction No. 2 pertaining to proof by physical facts.

The physical facts in evidence were such as were demonstrated by photographs introduced in evidence, and the testimony of the highway patrolman concerning the debris and the tracks and their location in the intersection after the collision.

The plaintiff's requested instruction embodies a rule that "a physical fact, existent as matter of common knowledge, or established by evidence beyond room for fair controversy, cannot be overcome by human testimony."

Herein, there was no direct conflict or contradiction as between physical facts in evidence and the testimony of any witness, and we find no issue presented such as to require a special instruction with regard to physical facts in evidence.

The judgment is affirmed.

JOHNSON, C. J., and CORN, BLACKBIRD and HUNT, JJ., concur.

HALLEY, J., WILLIAMS, V. C. J., and JACKSON, J., dissent.

HALLEY, Justice (dissenting).

I dissent in this case for the reason that I think the trial court committed reversible error in giving Instruction No. 9 and in refusing to give plaintiff's requested Instructions Nos. 4 and 10.

The inclusion of the words "appreciable length of time" in Instruction No. 9 was improper. The first part of that instruction is as follows:

> "You are further instructed that under the laws of this state, at intersecting roads or streets, vehicles approaching from the right shall have the right of way over those approaching from the left, and this means that where two vehicles reach the intersection at approximately the same time the one approaching from the left shall pause and permit the one approaching from the right to pass the intersection first, but if the vehicle approaching from the left reaches the intersection an *appreciable length of time* ahead of the one approaching from the right, it would have the right of way over the other, whether approaching from the right or left. * * *" (Emphasis ours.)

In view of 47 O.S.1951 § 121.6, which provides in part as follows:

> "(a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.
>
> "When two vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right. * * *"

I think that the words "appreciable length of time" are also misleading. The trial court should have given an instruction in conformity to the statute. Since the plaintiff was riding in an automobile that was proceeding north and the defendant's car was proceeding west, the jury could well have been confused as to who had right-of-way at the intersection. When the statute says that the driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway, it is something else to say that he must have been there "an appreciable length of time" ahead of the one approaching from the right in order to have right-of-way. The

words "an appreciable length of time" should have been eliminated from the instruction and the language of the statute adopted.

Requested Instruction No. 4 is as follows:

"You are instructed that the plaintiff has alleged that the defendant was guilty of six different acts of negligence. In this connection you are instructed that if the plaintiff proves by a preponderance of the evidence that the defendant was guilty of any one or more of said acts of negligence on the part of the defendant, and that such negligence on the part of the defendant was a direct and proximate cause of the collision and the resulting injuries to the plaintiff, then your verdict should be for the plaintiff."

In Instruction No. 2, the court charged the jury in part as follows:

"The burden of proof is upon the plaintiff to establish, by a preponderance of the evidence all of the material allegations of the petition, and unless the plaintiff has proved these allegations by a preponderance of the evidence, your verdict must be for the defendant."

In view of the broad language used in the general instruction, I think the court should have given the above requested instruction and that its failure to do so constitutes reversible error.

Requested Instruction No. 10 is as follows:

"You are instructed that Section 121.4 of Title 47 of the Oklahoma Statutes, makes the following requirement:

"'(a) Upon all roadways of sufficient width a vehicle shall be driven to the right of the center of the roadway.'

"If you find from the evidence that the defendant was violating such statutory provision at the time of the collision, and that such violation was a direct and proximate cause of the collision and resulting injuries then your verdict should be for the plaintiff."

The testimony of a highway patrolman constituted some evidence tending to show that defendant was traveling on the left side of the center of the highway as he entered the intersection and sufficient evidence from which the jury might have so found and might have also found that he was guilty of negligence in so doing and that such negligence was the proximate cause of the injury. This issue is not covered in the general instructions. I think this instruction should have been given and the court's refusal to give the instruction also constitutes reversible error.

The error of the trial court in giving an improper instruction and in refusing to give proper requested instructions could and may have resulted in a miscarriage of justice in this case. His errors should be corrected. From the majority opinion refusing to do so, I dissent.