Eloise CUNNINGHAM, Plaintiff in Error,

v.

J. B. PRATT, d/b/a Pratt Foods, and Linvell Wayne Sloan, Defendants in Error.

No. 40300.

Supreme Court of Oklahoma.

June 2, 1964.

726

Kienzle & Kienzle, Shawnee, for plaintiff in error.

Spurr & Steed, Shawnee, for defendant in error, J. B. Pratt, d/b/a Pratt Foods.

BERRY, Justice.

The parties to this appeal occupy the same relative position they did in the lower court. Plaintiff, Eloise Cunningham, brought this action against J. B. Pratt, d/b/a Pratt Foods, herein referred to as defendant, and Linvell Wayne Sloan, herein referred to as Sloan or Motorist, for personal injuries sustained when plaintiff was struck by an automobile driven by Sloan on premises adjacent to defendant's grocery store and used as a customers' parking lot.

The trial court sustained defendant's special demurrer and general demurrer to plaintiff's second amended petition and dismissed the action with prejudice, from which order plaintiff appeals.

Plaintiff's second amended petition alleges, in so far as pertinent to the issues herein, that on November 24, 1961, about 6 p. m. plaintiff had driven her car into a parking lot owned and operated by defendant. After shopping in defendant's store which was adjacent to and on the same premises as the parking lot, plaintiff was struck and seriously injured by an automobile negligently operated by Sloan as she was returning to her car; that Sloan was negligent in that he was violating city ordinances by driving at a speed of 40 miles per hour and by driving in a reckless manner; that defendant furnishes and controls the parking lot for the use of his customers in connection with the operation of his grocery store; that plaintiff was an invitee. Plaintiff alleged that defendant was negligent in the following particulars: in failing to provide a safe place for plaintiff to park her car and shop; in failing to adequately light the parking area; that parking area was lighted only from the lights within the store which caused deep shadows intermittently throughout the area; that plaintiff was concealed by one of these shadows which caused Sloan to strike plaintiff without discerning her presence; that defendant also failed to adequately mark the driveway to the parking area; that Sloan for this reason when entering the parking area failed to ascertain the driveway thus causing Sloan to strike and run over a six-inch curbing, the result of which was that Sloan lost control of his vehicle; that Sloan had driven into defendant's parking area to avoid hitting another car and would have been successful had defendant properly marked, painted or designated with signs the safe entrance to the parking area; that defendant's failure to furnish a safe parking area for his customers, to adequately light the same, and to properly mark the safe entrance thereto consisted of negligence on the part of the defendant which was the proximate cause of plaintiff's injuries, or contributed thereto, and that Sloan and the defendant are jointly liable to plaintiff, and that plaintiff was without fault.

Defendant, in response to plaintiff's second amended petition, filed a special demurrer and incorporated therein under a separate designation, a general demurrer to plaintiff's petition. The trial court sustained both the special demurrer and the general demurrer.

Plaintiff here contends the trial court erred in sustaining defendant's demurrer, in that the court failed to give due credit to plaintiff's allegations with all reasonable inferences therefrom and that such pleading should have been taken as true.

This appeal presents a strict issue of law, i. e., whether plaintiff's second amended petition sufficiently states a cause of action.

In testing the sufficiency of the petition to withstand the demurrer in the case before us, we accept as true all facts well pleaded, together with all inferences which may be drawn therefrom, and liberally construe the petition in favor of the plaintiff. See Raley v. Thompson, 203 Okl. 633, 225 P.2d 171.

Plaintiff reasons that defendant, as the owner of the parking lot, is required to warn his customers of hidden dangers on

the premises not known to intelligent persons, and his failure to do so is negligence which is usually a jury question. One essential plaintiff overlooks is that defendant was in no position to have warned plaintiff of a danger or peril on his premises. Our present case concerns the liability of defendant as a result of active negligence on the part of a third party injuring plaintiff upon defendant's premises.

Plaintiff cites Criterion Theatre Corp. v. Starns, 194 Okl. 624, 154 P.2d 92, which held in part that the question of sufficient lighting and condition of the steps and carpet in a darkened theatre were issues for the jury. We fail to find the similarity in the cited case with the case now before us. In our present case, plaintiff was not injured because she could not see, due to the alleged inadequacy of the lighting or markers. Rather, plaintiff's injury was due to an independent act of a third party who drove into the parking lot at an excessive speed.

Plaintiff urges that defendant, in furnishing a parking lot, should anticipate and reasonably foresee that some users of the parking lot would turn into the lot at fast rates of speed and that at dusk these users would have difficulty in distinguishing the entrance, due to the inadequacy of the markings, and in seeing patrons walking about due to inadequate lighting. Plaintiff cites Brodsky v. Atchison, T. & S. F. Ry. Co., Okl., 368 P.2d 852, at p. 854 in which this language was used:

> "The court's finding that there was no sufficient showing of causal connection between defendant's negligence and plaintiff's injuries was apparently based upon a conclusion that defendant only created a 'condition' making the accident possible, and that a subsequent intervening force superseded defendant's negligence and was itself the proximate cause of the accident. However, a subsequent intervening force is not *always* sufficient to relieve defendant from liability for his primary negligence. See Oklahoma

Natural Gas Company v. Courtney, 182 Okl. 582, 79 P.2d 235, 236, * * *."

In the cited case the defendant's train crossed a roadway from an obscured position without giving statutory warnings. Plaintiff, approaching the crossing, was able to suddenly stop his car without colliding with the train. A third party driving closely behind plaintiff and unable to stop ran into the rear of plaintiff's car. Plaintiff sued defendant railroad. In the Brodsky case, supra, 368 P.2d p. 855, we stated:

> "* * * we hold that defendant was not relieved of liability for its primary negligence by a subsequent, independent intervening force which it should have anticipated as likely to follow in the usual course of events. It follows that the chain of causation was not broken, and defendant's negligence was the proximate cause of plaintiffs' injuries."

In the case now before us we fail to see any causal connection between defendant's failure to adequately light or adequately mark the entrance to the parking area and the plaintiff's injury. The primary negligence, as pleaded by plaintiff, was that of the offending motorist. In order to attribute the proximate cause to defendant it should appear from the pleadings that defendant owed such a duty to plaintiff that he should have anticipated or foreseen that the motorist or someone else would turn suddenly from the street into defendant's parking area to avoid colliding with another car on the street and thus place his patrons in peril.

In Midland Valley R. Co. v. Mason, Okl., 372 P.2d 40, we held:

> "In an action to recover damages caused by alleged negligence of defendant, the burden rests upon the plaintiff to show the existence of negligence and the proximate cause between such negligence and the injury.

> "Before an act will be deemed to be the proximate cause of an injury, it must be shown that a person of ordinary in-

telligence would have anticipated or for<!---->forseen that injury was apt to be produced thereby."

In Myers v. Luttrell, Okl., 373 P.2d 22, we held:

"Negligence must be shown by evidence, and the evidence to justify a finding of negligence, must show a breach of duty on the part of the defendant such that a reasonable person should have foreseen would as a natural consequence cause an injury, not necessarily would probably cause an injury in the sense of more likely to cause an injury than not, but the likelihood must be such that a reasonable person could foresee that injury would result in the ordinary course of things. A mere possibility of the injury is not sufficient, where a reasonable man would not consider injury likely to result from the act as one of its ordinary and probable results."

Applying the above rules to facts in our present case, we can only determine, assuming without deciding that defendant was negligent, that this standing alone is insufficient to render him accountable for plaintiff's injuries. It must be shown that his negligence was the proximate cause of plaintiff's injuries, and in order to establish this it must be shown that a person of ordinary intelligence would have anticipated that the injury was likely to result. The petition is insufficient to state facts to show a legal duty on the part of defendant to protect plaintiff from the acts which caused the injury. See Williams v. City of Bristow, Okl., 350 P.2d 484 at p. 487, 84 A.L.R.2d 501.

The alleged inadequate lighting and markings can only be determined in legal effect as a condition and not the cause of accident. Certainly defendant was not an insurer even though defendant did owe a duty to keep the premises in a reasonably safe condition; nor could the negligence of the offending motorist be imputed to de<!---->fendant. In Safeway Stores, Inc. v. Musfelt, Okl., 349 P.2d 756, we said:

" * * * There was no co-existent liability or connection between Safeway and the third party's negligence in driving his automobile. The driver's negligence could not be imputed to Safeway. Safeway, the owner of premises abutting on a sidewalk, was required to use only ordinary care in the maintenance and operation of its property to prevent injury to users of the sidewalk. It was not an insurer of the safe condition of its premises, and it was not required to provide against the acts of third persons. (citing cases)"

We hold and conclude as a matter of law that plaintiff's petition was insufficient, under the facts alleged, to state a cause of action against defendant and that the trial court did not err in sustaining defendant's demurrer to plaintiff's petition.

Judgment affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.