Mervin CARTER, Appellant,

v.

Byron GAMBULOUS d/b/a Byron's Liquor Store, Appellee,

and

Ruben Marshall, Defendant.

No. 66210.

Court of Appeals of Oklahoma, Division No. 3.

Dec. 29, 1987.

Robert Mansell, Lampkin, McCaffrey & Tawwater, Oklahoma City, for appellant.

Marc Walls, Pierce, Couch, Hendrickson, Johnston & Baysinger, Oklahoma City, for appellee.

## MEMORANDUM OPINION

BAILEY, Judge:

Upon consideration of the briefs, exhibits and record in the above styled matter, the Court FINDS:

1. Appellant seeks review of the Trial Court's order granting the Appellee's motion to dismiss in Appellant's action for personal injuries sustained when a vehicle driven by Defendant Marshall crashed through the window of Appellee's business, and struck Appellant, who was shopping inside Appellee's liquor store at the time. Appellant was severely injured.

2. In ruling on Appellee Gambulous' motion to dismiss, the Trial Court specifically found that "[Appellee] did not owe a duty to [Appellant] to fortify its store against an out of control vehicle which crashed into the store and which was being operated by the co-defendant, Ruben Marshall, allegedly while Ruben Marshall was under the influence of intoxicating liquor; and, that the acts of the co-defendant ... were not foreseeable as a matter of law. Further, the Court finds that the alleged acts of the co-defendant ... constituted a supervening cause."

3. We agree with the Trial Court. While Appellee is indeed under a duty to use reasonable care with respect to his customers, the accident herein was not foreseeable, and Appellee is not an absolute insurer of his customers' safety. See, *Safeway Stores, Inc. v. Musfelt*, 349 P.2d 756 (Okl. 1960); *Minor v. Zidell Trust*, 618 P.2d 392 (Okl.1980). We see no causal connection between Appellant's injuries and a breach of Appellee's duty of ordinary care, if what happened could be viewed as a breach at all. *Cunningham v. Pratt*, 392 P.2d 725 (Okl.1964).

The order of the Trial Court granting Appellee's motion to dismiss is therefore AFFIRMED.

HANSEN, P.J., and HUNTER, J., concur.