## PROVIDENT LIFE & ACCIDENT INS. CO. OF CHATTANOOGA, TENN., v. EVERETT.

No. 24000.   Oct. 6, 1936.

Laurence W. Randolph, for plaintiff in error.

R. W. Mountcastle and Kelly Brown, for defendant in error.

McNEILL, C. J. This is an action commenced by the defendant in error, Nona E. Everett, to recover the sum of $2,950 upon an accident insurance policy insuring the life of her husband, William T. Everett, in the sum of $5,000. The case was tried to a court and jury, resulting in a verdict and judgment for the plaintiff for the amount sued for.

The liability under the terms of the policy was limited to:

"The effects resulting directly and exclusively of all other causes, from bodily injuries sustained during the life of this policy, solely through external, violent and accidental means (Excluding suicide or self-destruction, while sane or insane, or any attempt thereat). * * *"

The assignments of error necessary to be discussed are to the effect that the court erred in overruling the defendant's demurrer to the evidence, for the reason that the plaintiff failed to sustain the burden of proof "by showing that deceased came to his death directly and exclusively of all other causes, from bodily injuries sustained solely through external, violent and accidental means," and that "the court erred in refusing to instruct the jury to return a verdict for the defendant, for the reason that all the evidence showed that deceased did not come to his death through accidental means." In short, the issue was whether or not the insured died from natural causes, or as a result of an accident.

The deceased was a signal supervisor for the Missouri, Kansas & Texas Railway Company. On the morning of the day of the injury, April 4, 1929, he left his home in Muskogee, rode on one of the M., K. & T. trains to Vinita, Okla. He left the train at Vinita at about 9:30 o'clock in the forenoon, deposited his luggage in the depot and started walking on the depot platform, when he fell backwards striking the back of his dead on the brick pavement, inflicting a scalp wound, from which he bled profusely. He was taken to a hospital, where the wound in his head was sutured. He died at about 7:16 o'clock p. m. of the same day. As to the cause of his death the evidence was conflicting.

The plaintiff introduced evidence of medical experts who testified, in effect, that, in their opinion, Everett died from a hemorrhage in the brain caused by the fall on the brick walk. The defendant introduced evidence of medical experts which supported its theory that the insured was afflicted with a pre-existing disease or bodily infirmity weakening an artery in his brain resulting in a cerebral hemorrhage, or what is commonly known as apoplexy. By its verdict the jury accepted the theory of the physicians testifying for the plaintiff. The evidence introduced on the part of the plaintiff was sufficient to sustain the burden of proof resting on plaintiff and was sufficient to justify the court in refusing to instruct a verdict for the defendant. The instructions to the jury are not assailed.

In the case of Missouri State Life Ins. Co. v. Everett, 167 Okla. 350, 29 P. (2d) 575, which was an action on a life insurance policy, the evidence was largely the same as in the instant case, and this court sustained the verdict and judgment in favor of the plaintiff. That case is controlling upon the question herein raised.

The defendant's third contention is that:

"The court erred in admitting in evidence exhibit No. 8 of the plaintiff, and in admitting evidence in the nature of answers to hypothetical questions not based upon proven facts."

The exhibit introduced purported to be a plat or map of the depot platform upon which the deceased was injured. It was made by V. G. Hamilton, a long time employee of the Missouri, Kansas & Texas Railway Company, and while it was not drawn to a scale, according to the evidence of Hamilton, it was substantially a true representation. of the platform and conditions existing at that time, and the trial court was justified in submitting it to the jury for what it was worth. This exhibit and the evidence of Hamilton showed that the distance from where Everett was injured to the mail car where a Mr. Jones was loading mail was from 210 to 220 feet. There was no evidence introduced to show that the blow of the deceased's head striking the pavement could be heard or was heard this distance, but over the objection of the defendant, the trial court permitted the plaintiff's attorney to ask a witness, Dr. W. D. Barry, a hypothetical question containing the statement: "That the blow was of sufficient force that it could be heard when his head struck the pavement for a distance of approximately 210 feet," and in which the witness was asked to say what was the reasonable cause of Everett's death. The question was objected to on the ground that it assumed facts not properly proven, but the objection did not state or point out what facts were not properly proven. The question was not a proper hypothetical question for the reason that there was no evidence to the effect that the blow had been heard 210 feet. However, on redirect examination, the witness testified that he would be of the same opinion had the blow been heard only 40 feet. A number of other physicians, in response to proper hypothetical questions, testified that they arrived at the same conclusion as Dr. Barry. Under the circumstances here presented, the error was harmless.

The judgment is affirmed.

OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.