No. 15,002.

McGOVERN ET AL. *v*. BOARD OF COUNTY COMMISSIONERS OF ADAMS COUNTY ET AL.

(173 P. [2d] 880)

Decided October 14, 1946.

Mr. MORTON M. DAVID, Mr. GILBERT L. McDONOUGH, for plaintiffs in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. SAMUEL L. FAIRLAMB, Assistant, Mr. WILLIAM W. GAUNT, Mr. F. F. HUNTER, for defendants in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

THIS is an action, with customary pleadings, for condemnation of 18.99 acres of land required in the construction of a public highway. Judgment was entered upon verdict of the jury for $1,900 and costs in favor of respondents who, being dissatisfied therewith, here seek review. Error is alleged as follows:

First, as urged in the first, third and ninth specifications, in the amount of compensation awarded by the jury for the land taken. There was testimony that the best land was worth $100 an acre; and the poorer land, not to exceed $60 or $75 per acre. Other witnesses appraised it as high as $800 per acre, and the jury was further assisted by a personal inspection of the premises.

It is ingeniously argued that to the testified minimum value of the land for the purpose of removal of sand therefrom, there must be added the testified minimum surface value for building purposes or other use, and that this total would be greater than the amount awarded. It is apparent that use of the land for either purpose would largely foreclose its use or value for the other. Furthermore, there was definite testimony by witness Hansen, in answer to the question as to what he thought the land was worth, that the high land had a value of approximately $100 per acre, that a corner would be worth a little more, and that further down the creek $60 to $75 an acre would be a good price. That

testimony patently was as to the market value of the land and not its value for any particular use. The verdict was supported by substantial evidence and we are bound by it.

Second, in the jury finding that no damage would be occasioned to the remaining land. On this matter the jury was properly instructed to determine the damages to the residue, if any they found, and, as appears from the verdict, it found there was none. This finding was supported by substantial evidence. Witness Hansen testified that no part of the land would become less valuable by reason of the construction of the highway, and witness Tarleton testified that he had considered the question as to damage to the remainder of the land and "did not believe there was any damage accruing to the residue."

Third, to the introduction of exhibit 2, which was a map of the property showing the surface area from which sand had already been removed. There is no contention that the map was not correct. It was made under the direction of the resident engineer of the State Highway Department, who identified it as a correct representation of the field notes made by regular surveyors. The introduction of the map followed extended examination of the resident engineer relative to the removal of sand, and the area of the different pits within the right-of-way from which it had been removed. The plat itself does not disclose the acreage, but merely shows the location and shapes of the areas from which sand had been removed, and served to illustrate the testimony of the resident engineer. It was shown to be reasonably accurate and correct, which is all that is required in such cases. 20 Am. Jur., p. 616, §739. "The maps were not offered or received as evidence in themselves of the location of the line, but only as illustrative of the testimony of the witnesses testifying in relation thereto, and therefore were admissible, even though they were not made by the persons who made the surveys upon the

ground, where they were shown to be accurate." *Portland & Seattle Ry. Co. v. Ladd,* 47 Wash. 88, 91 Pac. 573. The admission of such exhibits is within the discretion of the trial court.

Fourth, to the ruling on respondents' motions to strike the testimony of witnesses Hansen and Tarleton on the ground of lack of qualification. No objection was made at the time of the qualification of these witnesses as to the insufficiency of the showing; the rulings objected to are not set out in the abstract nor referred to by folio citation, and respondents' argument goes to the weight rather than to the admissibility of their testimony. Further error is predicated on the failure of the court to incorporate certain statements in the instructions, but the instruction complained of is not set out, and no objection was made to the instructions as given nor request made for further instruction. Finally, error is alleged in the court's refusal of proffered testimony, but neither the testimony nor the ruling complained of nor the citation thereto is set out in respondents' brief, and no error is shown.

The judgment is affirmed.

MR. CHIEF JUSTICE KNOUS not participating.