No. 21153.

GEORGE D. KIRKHAM AND IMPERIAL CASUALTY AND
INDEMNITY COMPANY, A NEBRASKA CORPORATION *v.*
HICKERSON BROS. TRUCK CO., A KANSAS CORPORATION.
(425 P.2d 34)

Decided March 13, 1967.

126

Myrick, Smith, Criswell and Branney, Neef, Swanson and Myer, for plaintiffs in error.

Burnett, Watson & Horan, for defendant in error.

*In Department.*

Opinion by Mr. Justice Pringle.

George D. Kirkham, plaintiff in error, brought an action against Hickerson Brothers Truck Company, defendant in error, for damages for injuries allegedly sustained because of the negligence of two of the agents of Hickerson Brothers Truck Company. Imperial casualty and Indemnity Company was the workmen's compensation insurance carrier for Kirkham's employer,

and its claim was based on the subrogation provisions of C.R.S. 1953, 81-13-8, as amended. (Now C.R.S. 1963, 81-13-8.) The parties will be referred to as they appeared in the trial court, or by name.

At about 2:00 a.m. on the morning of September 23, 1961, Kirkham was driving from his home to the Brush, Colorado, Port of Entry where he was to join another employee of Watson-Wilson Transportation Company to help drive a semi-trailer truck to Chicago, Illinois. Kirkham had just come over the crest of a hill on Highway 71 when he passed two semi-trailer trucks parked on the opposite side of the road. Kirkham slowed down as he passed the vehicles, and, seeing no indication of trouble he began to pick up speed again. He then collided with an object in the road which caused him to lose control of his pickup truck, and crash. The record discloses that Kirkham hit a black yearling calf which was lying in the road. At least one, and possibly both, of defendant's trucks had also hit this same calf.

Kirkham sued on the theory that defendant's trucks had either killed the calf and had negligently left it lying on the highway in his lane of traffic, or had hit an already dead calf and had knocked the body into his lane of traffic.

The case was tried to a jury, which returned a verdict for the defendant. Plaintiff brings writ of error to the judgment entered on that verdict.

Kirkham essentially presents only one assignment of error in the various portions of his brief. He claims that the trial court erroneously refused to allow certain portions of a deposition to be read into evidence.

Defendant, by way of cross-error, contends that (1) plaintiff was guilty of contributory negligence as a matter of law, and (2) that it was error to give an instruction which placed a duty on one who had moved an obstruction in the highway in such a manner that it would become dangerous to another to either remove

the obstruction or to warn others of its existence if he had time to do so.

I.

We deal first with plaintiff's contention that portions of the deposition were improperly stricken.

The deposition in question was that of one Estill E. Hulen who was present at the Brush, Colorado, Port of Entry when Kirkham was brought there after the accident. The portions of the deposition which were not admitted relate to statements allegedly made by defendant's drivers who had brought Kirkham to the Port of Entry to obtain medical aid. The statements deleted from the deposition were offered to prove the amount of time that the defendant's drivers had had in which either to remove the calf or to flag down approaching traffic after they had hit the calf. This was material, since defendant claims the drivers had no appreciable time in which to take action, and Kirkham claims that they had ample time, at least, to warn approaching traffic. The statements in question also tended to prove the plaintiff's claim that the drivers had knocked the calf into plaintiff's lane of traffic.

At trial, the defendant claimed that these parts of the deposition were not admissible because: (1) they were hearsay, (2) they tended to impeach the two drivers who had been called as plaintiff's witnesses, and (3) they were not admissible as admissions because the deponent, Hulen, was unable to identify the men making the alleged admissions and so the declarants were not sufficiently identified as agents of the defendant. The plaintiff claimed: (1) that the statements were offered solely as admissions against interest, and that they were not offered for purposes of impeachment, (2) that the evidence showed who the declarants were and that the statements themselves, in context, sufficiently identified the declarants, and (3) that admissions against interest are well recognized as admissible as an exception to the hearsay rule.

■ We hold that the trial court erred in refusing to admit the challenged portions of the deposition into evidence. While the statements clearly were hearsay, they were admissions against interest and if made by authorized agents of the defendant, while in the scope of their employment, they were admissible into evidence as an exception to the hearsay rule.

■ It is true that these statements unquestionably tended to impeach the testimony of defendant's truck drivers who had been called as witnesses by the plaintiff earlier in the trial. Plaintiff carefully refrained from laying a foundation for impeachment and repeatedly stated that he offered the evidence to prove the truth of a particular fact — that the drivers had enough time to warn him of the danger in the road. A party calling a witness is not precluded from proving the truth of a fact by other competent evidence in direct contradiction to what the witness called by him has testified. And this is so, not only when it appears that the witness was innocently mistaken, but even where the evidence may collaterally have the effect of showing that the witness was generally unworthy of belief. *Brown v. Tourtelotte,* 24 Colo. 204, 50 Pac. 195; III Wigmore, *Evidence,* § 907, (3d Ed. 1940.) The evidentiary balance in this case was close, and we cannot say that as a matter of law the exclusion of these statements was harmless error.

■ Defendants claim that the party or parties who made the statements in question were not sufficiently identified so as to permit the declarations to be considered as admissions against the defendant. Suffice it to say, that there was evidence from which the jury could reasonably draw the inference that the speakers were the men who were driving the defendant's trucks at the time of the accident. Under such circumstances, we have repeatedly held in cases too numerous to cite here that the identification was sufficient to permit the

statements to go to the jury under proper instructions upon the issue of identification.

## II.

■ Defendant's assignments of cross-error are without merit. The trial court's instructions do not, as the defendant claims, charge him with the duty of being a "good Samaritan." More specifically, the instruction complained of does not require the defendant to stop and remove all obstructions which he finds on the highways. It merely requires him to move or warn others of the existence of a hazard which he has created if he has a reasonable time to do so. The fact that there is a statute which makes it a criminal act to place an obstruction on the highway does not prohibit a court in a negligence action from instructing on the common law doctrine that one who moves an obstruction into someone else's path and thus creates a hazard to another must either remove the obstruction or warn others of the hazard if he has a reasonable time and opportunity to do so. See *Hardy v. Brooks*, 103 Ga. App. 124, 118 S.E.2d 492.

■ As to defendant's assignment of cross-error that there was contributory negligence on the part of the plaintiff as a matter of law, suffice it to say that reasonable men could draw inferences either way from the testimony and under such circumstances the issue was one for the jury.

The judgment is reversed and the cause remanded for a new trial not inconsistent with the views herein expressed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.