**Diane L. MARTINEZ, Plaintiff–Appellant,**

v.

**W.R. GRACE COMPANY, a Connecticut corporation, doing business as Shepler's Western Wear, Defendant–Appellee.**

**No. 87CA1543.**

Colorado Court of Appeals, Div. V.

June 8, 1989.

Rehearing Denied July 6, 1989.

Certiorari Denied Nov. 13, 1989.

Fogel, Keating and Wagner, P.C., Alan C. Shafner, Denver, for plaintiff-appellant.

White & Steele, P.C., John M. Palmeri, Denver, for defendant-appellee.

Opinion by Judge CRISWELL.

Diane L. Martinez, plaintiff, appeals a judgment entered on a jury verdict in favor of defendant, W.R. Grace Company. We reverse and remand for a new trial.

Defendant operates a Shepler's Western Wear Store in Northglenn where plaintiff went to shop. At that time, Shepler's was conducting a sale that was attracting such a large crowd that the parking lot was full of vehicles and customers; in addition, a traffic jam was created on the access road.

In Shepler's asphalt parking lot was an elevated asphalt "bump," which was used to contain and direct runoff water, but which bore resemblance to a "speed bump." As plaintiff was walking in the parking lot, among other customers and vehicles, she tripped over this bump and sustained personal injuries.

Plaintiff sued defendant, claiming that it had failed to provide adequate warning to her of the existence of this bump, either through painting or otherwise. She asserted that, because its color was so similar to the asphaltic concrete with which the parking lot was paved, and because it was necessary to watch for other persons and vehicles in the lot at the time she fell, her fall was caused by defendant's negligent failure to give such adequate warning.

Defendant claimed, on the other hand, that the natural coloring of the material that covered this bump was sufficiently different from the asphalt on the lot that no further warning of its presence was reasonably required. And, it introduced into evidence a scale model of the bump to illustrate this point.

The jury returned a verdict for defendant.

I.

Plaintiff argues, first, that the trial court committed prejudicial error by refusing to allow her to prove that, after her

injuries occurred, defendant painted the bump yellow. We agree.

Under CRE 407, evidence of "subsequent remedial repairs" may not be introduced to prove "negligence or culpable conduct" with respect to the incident, but it may be admitted for "another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment."

Plaintiff agrees that ownership or control of the bump was not in issue. She asserts, however, that the "feasibility" of painting the bump was contested, because the concept of feasibility includes not just the physical difficulty involved in the remedial measure, but the question of the effectiveness of that measure in terms of safety. Further, she asserts that evidence of the subsequent painting of the bump was admissible to impeach the defendant's principal witness. Because we agree that the proffered evidence was admissible for impeachment and related purposes, we need not determine whether the feasibility of painting the bump was controverted.

The defendant's safety manager testified that, because the asphalt on the parking lot had faded, there was a significant difference between the color of this asphalt and the color of the asphalt covering the bump. She expressed the opinion that, because of this difference in coloration, there was sufficient warning of the bump without the need for painting. She also testified, however, that, if there had not been this significant difference in color, the bump should have been painted, because, otherwise, there would have not have been a sufficient warning of the bump given to persons using the parking lot.

In contrast, plaintiff's expert testified that, in her opinion, the bump should have been painted so as to give a proper warning of its existence. In rendering this opinion, this witness testified that there was less difference in coloration between the bump and the other asphalt than defendant asserted.

Given the issue thus presented, we conclude that evidence that defendant painted the bump shortly after plaintiff's accident was admissible, not as an admission of negligence on defendant's part, but as relevant upon the issue of the difference in color at the time of the accident and to impeach the testimony of the defendant's safety manager upon this issue.

In *Rimkus v. Northwest Colorado Ski Corp.*, 706 F.2d 1060 (10th Cir.1983), the court, applying the federal counterpart of CRE 407, held that evidence of the subsequent marking of the ski hazards where the plaintiff was injured was admissible, both as direct proof of the contested issue of the visibility of the alleged hazards and to impeach the testimony of defendant's witness that the hazards were clearly visible.

The same conclusion is mandated here. In this case, the principal factual issue relating to defendant's alleged negligence was whether there was a significant difference in color between the bump and the parking lot. Defendant's witness conceded that, if such a difference did not exist, the bump should have been painted. Evidence of defendant's later painting of the bump, therefore, would have supported the reasonable inference that the difference in color was not as great as defendant was claiming. Thus, considering the inference that could be drawn from such evidence, we conclude that the evidence was admissible upon the issue of the condition of the parking lot and the bump at the time of plaintiff's fall. *Rimkus v. Northwest Colorado Ski Corp., supra.*

Further, such evidence would have directly impeached defendant's witness. This witness testified that, had there not been a substantial difference in color between the parking lot and the bump, the bump would have been painted. Thus, defendant's actions in painting the bump could be considered as inconsistent with this witness' assertion that the coloration difference made such painting unnecessary. *Rimkus v. Northwest Colorado Ski Corp., supra. See Vallejo v. Eldridge,* 764 P.2d 417 (Colo.App.1988); *Duggan v. Board of County Commissioners,* 747 P.2d 6 (Colo.App.1987).

Given these circumstances, therefore, we conclude that the trial court's refusal to admit this evidence was error. However, upon retrial, the court may consider giving an appropriate limiting instruction. *See CJI–Civ.3d* 1:9 (1989).

■ Nor can we conclude that the trial court's rejection of this evidence was harmless error. One of the only significant factual issues presented in this case was whether there was a sufficient difference in color between the bump and the asphalt of the parking lot. Defendant claimed that no additional warning of the bump's existence was necessary, and it offered into evidence a specially constructed model of the bump that portrayed a significant difference in coloration. Plaintiff, on the other hand, asserted that there was so little difference in color that the bump blended into the other asphalt, making it difficult to see. And, by painting the bump after plaintiff's fall, defendant rendered it impossible for the jurors to view for themselves the coloration difference that existed.

Under these circumstances, evidence of defendant's later actions in painting the bump may well have convinced the jury that, contrary to the testimony of defendant's witness, there was little difference in the color of the two surfaces. Exclusion of such evidence, therefore, cannot be considered to be harmless. *See Kirkham v. Hickerson Bros. Truck Co.*, 162 Colo. 125, 425 P.2d 34 (1967).

## II.

■ We also agree with plaintiff that the trial court erred in giving the instruction, taken from *CJI–Civ.2d* 9:13 (1980), that it is negligence to look in such a manner as to fail to see something that is "plainly visible."

The giving of this instruction leaves the "impression that it [is] an accepted fact that the hazard was visible to the plaintiff," and it should not be given if there is a dispute whether the object in question was reasonably visible. *Rimkus v. Northwest Colorado Ski Corp., supra,* cited with approval upon this point in *Pizza v. Wolf Creek Ski Development Corp.*, 711 P.2d 671 (Colo.1985). *See Zavorka v. Union Pacific R.R. Co.*, 690 P.2d 1285 (Colo.App. 1984).

We also agree, for the same reason, that the jury should not have been instructed that "a warning of the obvious is not necessary."

■ Finally, upon retrial, an instruction upon the "choice of ways," as set forth in *CJI–Civ. 3d* 12:3 (1989), should be given only if the evidence adduced would support the reasonable inference that a reasonable person would have been aware of the hazard involved in the route selected by plaintiff. *See Aurora v. Woolman*, 165 Colo. 377, 439 P.2d 364 (1968).

## III.

■ Plaintiff also argues that the scale model of the bump did not accurately reflect the conditions at the time of her fall, and its admission was, therefore, error. We disagree.

To be admissible, demonstrative or illustrative evidence must be shown to be reasonably accurate and correct. *McGovern v. Board of County Commissioners*, 115 Colo. 347, 173 P.2d 880 (1946). This is a preliminary issue for the trial court to assess under CRE 104. *See Provident Life & Accident Insurance Co. v. Everett*, 177 Okla. 588, 61 P.2d 679 (1936). Admission of such evidence is within the trial court's discretion. *Board of County Commissioners v. Vail Associates, Ltd.*, 171 Colo. 381, 468 P.2d 842 (1970). And, when the correctness of the representation is disputed, it is for the jury ultimately to determine the weight to be accorded the exhibit. *Carreras v. Honeggers & Co.*, 68 Mich. App. 716, 244 N.W.2d 10 (1976).

Here, plaintiff presented a witness who testified that the color and texture of the model fairly and accurately depicted the speed bump on the date of plaintiff's accident. Although there was conflicting testimony, the model was properly verified, and plaintiff had ample opportunity to point out the ways in which she believed it failed to correspond with the actual speed bump.

Thus, we perceive no error in the trial court's admission of the model.

## IV.

Because the other errors asserted by plaintiff are based upon events not likely to recur upon a new trial, we need not address them.

The judgment of the trial court is reversed, and the cause is remanded to that court for a new trial in accordance with the views contained herein.

METZGER and HUME, JJ., concur.