**DENVER WEST METROPOLITAN DISTRICT, a quasi-municipal corporation, Petitioner–Appellant and Cross–Appellee,**

v.

**Paul R. GEUDNER, Respondent–Appellee and Cross–Appellant,**

and

**Donald E. Couch, as Treasurer of Jefferson County; Public Service Company of Colorado; Pleasant View Water and Sanitation District, Respondents.**

No. 87CA1146.

Colorado Court of Appeals,
Div. III.

June 8, 1989.

As Modified on Denial of Rehearing
July 27, 1989.

Certiorari Denied Jan. 8, 1990.

Calkins, Kramer, Grimshaw & Harring, Wayne B. Schroeder, P.C., and Davis, Graham & Stubbs, Thomas S. Nichols, Denver, for petitioner-appellant and cross-appellee.

Faegre & Benson, Joseph M. Montano and Leslie A. Fields, Denver, for respondent-appellee and cross-appellant.

Opinion by Judge NEY.

Petitioner, Denver West Metropolitan District (District), appeals the trial court's order dismissing its petition to condemn the property of respondent, Paul R. Geudner. Geudner cross-appeals the trial court's order denying, in part, his claim for attorney fees and costs. We affirm and remand with directions.

The District is a multi-use metropolitan district established pursuant to the Special District Act, § 32–1–101, et seq., C.R.S. (1988 Cum. Supp.). The District's service plan provides that the District is responsible for controlling flooding along Lena Gulch, a stream that runs through the District. All officers of the District are members of the Stevinson family, and the land within the District was owned by members of that family or by corporate entities controlled by the Stevinsons.

In 1985, Denver West Properties, Inc. (DWP), a Stevinson-controlled corporation, entered into a contract for the sale of a parcel of land within the District. As a condition of the sale, the purchaser required DWP to relocate Lena Gulch so that it no longer traversed the sale property. DWP then retained an engineering firm to develop proposals for flood control improvements of Lena Gulch.

The engineering firm initially submitted three alternative proposals, each of which required that Lena Gulch cross a portion of the sale property. The engineering firm concluded that the most hydrologically sound approach was to rechannel Lena Gulch along its existing alignment. All three proposals were rejected, and DWP directed the engineering firm to develop a proposal that would relocate Lena Gulch so that it would no longer cross the sale property. The engineering firm then submitted

a modified plan that called for the relocation of Lena Gulch so that it avoided the sale property and instead traversed Geudner's property.

DWP then offered to purchase that portion of Geudner's property across which Lena Gulch would run. When Geudner refused to sell the property to DWP, the District instituted this condemnation action.

A hearing was held on the District's motion for immediate possession of Geudner's property. The trial court noted that all board members of the District were members of the Stevinson family, and that these board members were also officers and stockholders of DWP.

The trial court found that rechanneling Lena Gulch would enhance flood control and, thus, would render some public benefit. However, the trial court concluded that the condemnation action was brought in bad faith and found that there was no public necessity for relocation of Lena Gulch and that the primary purpose for the proposed relocation was to facilitate the sale of DWP's property. It therefore dismissed the petition for condemnation. Pursuant to § 38-1-122, C.R.S. (1988 Cum. Supp.), the trial court granted in part Geudner's request for attorney fees and costs.

## I

The District contends the trial court erred in ruling that the condemnation proceedings were initiated in bad faith. The District argues that once it was established that the rechanneling of Lena Gulch would yield a public benefit, the trial court was precluded from reviewing the District's decision to realign Lena Gulch through Geudner's property. We disagree.

Section 32-1-1004(4), C.R.S. (1988 Cum Supp.) authorizes a metropolitan district to exercise the power of eminent domain in the manner set forth in § 38-1-101, et seq., C.R.S. (1982 Repl.Vol. 16A), provided, *inter alia*, that the taking is necessary and the purpose for the condemnation is judicially determined to be a public use. *See* Colo. Const. art. II, § 15; *Buck v. District Court*, 199 Colo. 344, 608 P.2d 350 (1980).

While the existence of a public purpose is always subject to judicial review, the necessity of an acquisition of a specific parcel of property may only be reviewed by a court upon a showing of bad faith. *Thornton Development Authority v. Upah*, 640 F.Supp. 1071 (D.Colo.1986). The issues of necessity and public purpose are "closely related and, to some extent, interconnected." *Thornton Development Authority v. Upah, supra.*

In reviewing a condemning authority's finding that a proposed taking is for a public use, the court's role is to determine whether the essential purpose of the condemnation is to obtain a public benefit. *See State Department of Highways v. Denver & Rio Grande Western R.R. Co.*, 757 P.2d 181 (Colo.App.1988).

If the primary purpose underlying a condemnation decision is to advance private interests, the existence of an incidental public benefit does not prevent a court from finding "bad faith" and invalidating a condemning authority's determination that a particular acquisition is necessary. *See City of Thornton v. Farmers Reservoir & Irrigation Co.*, 194 Colo. 526, 575 P.2d 382 (1978).

We also reject the District's contention that § 32-1-902(3), C.R.S. (1988 Cum. Supp.) precludes judicial review of the District's condemnation decision.

Section 32-1-902(3) provides in pertinent part:

"[A]ny director shall disqualify himself from voting on an issue in which he has a conflict of interest unless such director has disclosed such conflict of interest in compliance with section 18-8-308, C.R.S."

Here, the District's officers properly disclosed the conflict of interest arising from their positions with DWP; therefore, they were authorized under § 32-1-902(3) to participate in making the decision whether to condemn Geudner's property. However, § 32-1-902(3) in no way circumscribes the authority of the court to review the District's decision to determine whether the conflicts of interest resulted in "bad faith."

There is substantial evidence in the record before us to support the trial court's conclusion that the essential purpose un-

derlying the District's decision to condemn Geudner's property was to assist DWP in concluding a commercial transaction and thereby advance the private interests of the District's officers. Accordingly, the trial court's order dismissing the petition to condemn will not be disturbed on appeal. *McGovern v. Board of County Commissioners*, 115 Colo. 347, 173 P.2d 880 (1946).

## II

We find no merit in Geudner's contention that the trial court's discovery rulings and partial denial of his attorney fees, expert witness fees, and costs constituted an abuse of discretion.

The judgment is affirmed and the cause is remanded to the trial court for a determination of reasonable attorney fees on appeal, which we award to Geudner pursuant to § 38–1–122, C.R.S. (1988 Cum.Supp.).

CRISWELL and RULAND, JJ., concur.