**BLOCK 173 ASSOCIATES, a Colorado general partnership; Donald Oberndorf; Leo Stern; Harry Paul Wertheimer; Carol Brodie, administrator for the Edith O. Wertheimer Trust; and Dottie Hammell, Plaintiffs–Appellants,**

v.

**The CITY AND COUNTY OF DENVER; The City Council of the City and County of Denver, by its council members (not as individuals, but as members of the city council), T.J. Hackworth, M.L. Sandos, Stephanie A. Foote, Paul L. Swalm, John J. Silchia, Nieves Perez McIntire, Hiawatha Davis, Jr., Salvadore Carpio, Cathy Donohue, William R. Roberts, Robert L. Crider, Cathy Reynolds, William A. Scheitler; The Denver Urban Renewal Authority; Federico Peña, as Mayor of the City and County of Denver; Thomas P. Briggs, Manager of Revenue of the City and County of Denver and Ex Officio Treasurer and Assessor of the City and County of Denver; Felicia Muftic, City Clerk of the City and County of Denver; BCE Development Properties, Inc., a Colorado corporation, f/k/a Oxford Properties, Inc.; and Freida Marin, Public Trustee, Defendants–Appellees.**

No. 89CA0152.

Colorado Court of Appeals,
Div. V.

April 5, 1990.

As Modified on Denial of Rehearing
May 31, 1990.

Certiorari Granted Oct. 9, 1990.

Baker & Hostetler, James A. Clark, Bruce D. Pringle and Joan B. Burleson, Denver, for appellant Block 173 Associates.

Holmes & Starr, Kenneth L. Starr and Michael Touff, Denver, for appellants Oberndorf, Stern, Wertheimer, Brodie and Hammell.

Stephan H. Kaplan, City Atty., Robert M. Kelly, Donald E. Wilson and Karen A. Aviles, Asst. City Atty., Denver, for appellees City and County of Denver, City Council, Federico Pena, Thomas P. Briggs, Felicia Muftic and Freida Marin.

Opperman & Associates, P.C., Marlin D. Opperman, William M. Schell and Linda A. Surbaugh, Denver, for appellee Denver Urban Renewal Authority.

Davis, Graham & Stubbs, Dale R. Harris, Neil Peck and David R. Hammond, Denver, for appellee BCE Development Properties, Inc.

Opinion by Judge RULAND.

Plaintiff, Block 173 Associates, and co-plaintiffs, Donald Oberndorf, Leo Stern, Harry Wertheimer, Mike Smith, and Dottie Hammell (Oberndorf plaintiffs), appeal from a summary judgment dismissing their complaints against defendants City of Denver, the Denver Urban Renewal Authority (DURA), BCE Development Properties, Inc. (BCE), and the individual defendants who are designated in their capacity as public officials. The dispositive issue concerns the extent to which an order of the United States District Court precludes assertion of certain claims in the trial court under the doctrine of collateral estoppel and res judicata. We affirm in part, reverse in part, and remand for further proceedings.

Associates own Block 173 in downtown Denver. The Oberndorf plaintiffs are owners of a 50% interest in part of Block 196 as tenants-in-common with BCE.

According to the complaints, BCE's predecessor announced plans to develop a retail/office complex on property which included Blocks 196 and 173. Concluding that the project was not feasible without public funding, BCE proposed construction of the complex pursuant to the Colorado Urban Renewal Law (CURL), § 31–25–101 et seq., C.R.S. (1986 Repl.Vol. 12B). CURL authorizes eminent domain to acquire property as part of an urban renewal plan. *See* § 31–25–105, C.R.S. (1986 Repl.Vol. 12B).

Defendants conducted a blight study on a 15–block area which included the property owned by plaintiffs. This study concluded that the area was blighted within the meaning of the statute, *see* § 31–25–103(2), C.R.S. (1986 Repl.Vol. 12B), and the city council authorized DURA to prepare an urban renewal plan.

Thereafter, pursuant to §§ 31–25–107(3) and 31–25–107(4), C.R.S., the city council conducted a public hearing concerning the renewal plan. Though it was conceded that the plaintiffs' property was not "blighted" within the meaning of the statute, the council determined that the 15–

block area was a blighted area, and approved the plan.

As enacted, Phase I of the renewal plan called for acquisition of plaintiffs' property for development by BCE. However, the Phase I plan did not include any development for 12 of the blocks in the area.

Associates dismissed voluntarily four of its claims for relief, and the Oberndorf plaintiffs dismissed their first claim. In its sixth and eighth claims for relief, Associates requested a declaratory judgment that the city council's finding of blight, and subsequent enactment of the urban renewal plan, was a sham, promulgated in bad faith and for the purpose of subverting CURL (bad faith claims). They contend in the fifth and seventh claims for relief that the classification scheme of the renewal plan invidiously discriminates among similar properties, and is not justified by a legitimate public purpose in violation of equal protection as guaranteed by the Colorado and United States Constitutions (the constitutional claims).

The only remaining claim asserted by the Oberndorf plaintiffs alleges that defendants have acted in an arbitrary and capricious manner with the result that the city's ordinance constitutes a taking in violation of both the United States and the Colorado Constitutions. They further allege that the defendants did not act in compliance with applicable State statutes.

As relevant here, in the complaints filed in the federal district court, and based upon essentially the same allegations made in state court, plaintiffs requested redress for violations of federal antitrust and civil rights laws, as well as for an alleged unconstitutional taking. The federal district court granted defendants' motion for summary judgment as to plaintiffs' federal claims and an appeal of that decision was resolved in favor of defendants. *Oberndorf v. City & County of Denver*, 900 F.2d 1434 (10th Cir.1990).

Following entry of summary judgment by the federal district court, defendants successfully argued for summary judgment in the trial court as to plaintiffs' state claims. The trial court concluded that res judicata and collateral estoppel bar pursuit of these claims.

On appeal, plaintiffs contend that resolution of the state claims requires different evidence, and application of different standards, than the federal court claims and that, therefore, there are material issues remaining for resolution by the trial court. Defendants respond that summary judgment was proper, as the federal court addressed and decided all issues pertinent to the state claims. We conclude that issues in the bad faith claims for relief raised by the Associates' complaint remain for resolution by the trial court.

In its order, the federal court specifically addressed and resolved the issues relative to the alleged unconstitutional taking. In reaching its decision, the court concluded that the defendants had generally complied with all state statutory requirements, that defendants had acted pursuant to a clearly articulated state policy, and that the project had a public purpose. On this basis the court also concluded that no violation of any civil rights law had been established and that the defendants were immune from claims asserted under the antitrust laws. Thus, we agree with defendants and the trial court that the federal order disposed of the remaining claim of the Oberndorf plaintiffs and constitutional claims asserted by Associates.

However, we agree with Associates that its bad faith claims for relief are not affected by the federal order. These claims are based upon allegations of bad faith and conspiracy to take Associates' property. As to these claims, we view *Denver West Metropolitan District v. Geudner*, 786 P.2d 434 (Colo.App.1989) as dispositive. There this court stated:

"If the primary purpose underlying a condemnation decision is to advance private interests, the existence of an incidental public benefit does not prevent a court from finding 'bad faith' and invalidating a condemning authority's determination that a particular acquisition is necessary."

By the same reasoning, if it were established by the evidence in this case that the primary purpose underlying the DURA plan was to advance private interests, a court could find that the plan was adopted in bad faith with the result that Associates' property could not be condemned.

Neither the determination in the federal order that defendants acted in compliance with applicable statutes, nor the finding that a public purpose existed for adoption of the plan, resolves the bad faith claims. Rather, a determination as to the merits of these claims involves different issues. *See Denver West Metropolitan District v. Geudner, supra.* Accordingly, pursuit of these claims is not barred by either res judicata or collateral estoppel. *See Metropolitan Gas Repair Service, Inc. v. Kulik,* 621 P.2d 313 (Colo.1981).

The judgment is affirmed except for the provisions dismissing Associates' bad faith claims. As to those claims, the judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

CRISWELL and NEY, JJ., concur.