986 F.2d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mildred ROTHMAN and Leonard Rothman, Plaintiffs-Appellants,
v.
The TORIAN PLUM CONDOMINIUM OWNERS' ASSOCIATION, INC. a/k/a
Torian Plum Condominium Association, a Colorado Corporation,
and Steamboat Premier Properties, Ltd., a Colorado
Corporation, Defendants-Appellees.
 No. 91-1415.
 United States Court of Appeals, Tenth Circuit.
 Dec. 23, 1992.
 
 Before MCKAY, Chief Judge, and McWILLIAMS and PAUL KELLY, Jr., Circuit Judges.
 ORDER AND JUDGMENT*
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Plaintiffs-appellants Mildred and Leonard Rothman appeal from a defense verdict in this diversity slip and fall case. See 28 U.S.C. § 1332(a)(1) & (c). The Rothmans allege that the district court erred in: (1) instructing the jury that Mrs. Rothman had a duty to see that which was plainly visible; (2) excluding evidence of subsequent remedial measures; and (3) admitting evidence of plaintiffs' income. Our jurisdiction arises under 28 U.S.C. 1291. We affirm.
 
 Background
 
 2
 The Rothmans, residents of New Jersey, vacationed in Steamboat Springs, Colorado in March 1989. While there, Mrs. Rothman twice visited the Terry Sports shop, located in defendants' Torian Plum Complex. The porch walkway outside Terry Sports was situated eighteen inches above the adjoining sidewalk. The porch and sidewalk were the same color, and there was no warning sign or railing. Both the sidewalk and porch were dry and clear on the day in question. Mrs. Rothman, when leaving the shop after her second visit, fell from the porch onto the sidewalk, injuring her shoulder and arm.
 
 Discussion
 I. "Plainly Visible" Jury Instruction
 
 3
 The "plainly visible" instruction provided:
 
 
 4
 To look in such a manner as to fail to see what must have been plainly visible is to look without a reasonable degree of care and is of no more effect than not to have looked at all.
 
 
 5
 Aplt.App. at 349.
 
 
 6
 The substance of the jury instructions in a diversity case is determined by state law, but the grant or denial of tendered instructions is governed by federal law. Slane v. Jerry Scott Drilling Co., 918 F.2d 123, 126 (10th Cir.1990). The defendants are entitled to an instruction on their theory of the case, as long as " 'that theory is supported by competent evidence.' " Robinson v. Maruffi, 895 F.2d 649, 657 (10th Cir.1990) (quoting General Motors Corp. v. Walden, 406 F.2d 606, 609 (10th Cir.1969). Where an erroneous instruction is given, we review the record for resulting prejudice. Slane, 918 F.2d at 126. Reversible error exists only if the instructions, taken together, fail to properly guide the jury in its deliberations. Id.
 
 
 7
 Plaintiffs argue that a question of fact existed as to whether Mrs. Rothman had seen the ledge. Plaintiffs rely on a Colorado Court of Appeals decision holding that the plainly visible instruction may not be given if there is a dispute as to whether the object in question was plainly visible. Martinez v. W.R. Grace Co., 782 P.2d 827, 830 (Colo.App.1989). In Martinez, the plaintiff tripped over a speed bump in defendant's parking lot. The bump was almost the same color as the rest of the asphalt. Plaintiff claimed that, because of the similar color as well as the need to watch for traffic while walking in the lot, defendant had a duty to warn of the bump. The Court of Appeals held that the trial court erred in giving the "plainly visible" instruction because it gave the " 'impression that it is an accepted fact that the hazard was visible to the plaintiff.' " Id. (quoting Rimkus v. Northwest Colorado Ski Corp., 706 F.2d 1060 (10th Cir.1983) and noting the Colorado Supreme Court's citation of Rimkus in Pizza v. Wolf Creek Ski Dev. Corp., 711 P.2d 671, 681 (Colo.1985) (en banc)).
 
 
 8
 However, in Pizza v. Wolf Creek Ski Development Corp., the Colorado Supreme Court held that the instruction is appropriate where the hazard is plainly visible and the injured party claims that he or she did not see it. Id., 711 P.2d at 682. Pizza involved a skier who was injured on a difficult ski slope. The court held that the instruction was not appropriate in that case, because the injury was caused by an unusual ski slope, and not by the failure to see an obvious hazard. The court distinguished Rimkus as well as an earlier Tenth Circuit ski accident case, Ninio v. Hight, 385 F.2d 350 (10th Cir.1967), because "[i]n both cases the duty-bound skier collided with objects which a reasonable person would have attempted to avoid had he seen the object or person in time. Here, however, the lower headwall was not of such a nature that a reasonable skier would have attempted to avoid it." Pizza, 711 P.2d at 681.
 
 
 9
 In Rimkus, the skier fell off of an unmarked rock outcropping. The trial court refused the "plainly visible" instruction, and we affirmed, finding the evidence insufficient to support the instruction and noting that, in any event, the "skier's liability" instruction sufficiently covered the issue. Rimkus, 706 F.2d at 1067. The skier's liability instruction stated that a skier has a duty to maintain a proper lookout. Id. Furthermore, we distinguished Ninio in which we held that the "plainly visible" instruction should have been given, because Ninio involved a skier who collided with other skiers on a clear day.
 
 
 10
 Additionally, we must consider a previous Colorado Supreme Court case holding that the instruction is appropriate when the plaintiff knew or should have known of the presence of the hazardous object. Folck v. Haser, 432 P.2d 245 (Colo.1967). In Folck, plaintiff tripped on a doormat when leaving defendant's building at night. The court noted that there was evidence of at least some light on the steps, and that plaintiff had to walk over the mat in order to enter the apartment, and therefore either knew or should have known of the presence of the doormat when leaving. Id. at 249.
 
 
 11
 There is conflicting evidence as to whether Mrs. Rothman saw the ledge prior to her fall. On direct examination Mrs. Rothman testified that she was walking along and "suddenly I found myself on the sidewalk." Aplt.App. at 231. On cross examination she testified that she had been to the shop previously and that when entering the shop on the day of the accident she may have walked onto the ledge or immediately next to the ledge where she later fell. Aplt.App. at 273-74. Defense counsel then read from Mrs. Rothman's deposition: "Question, 'Do you remember if you were walking or had you come to a stop? Do you remember anything about the moment immediately before you fell?' Answer, 'I remember walking and looking straight ahead, which is a normal thing for a person who's walking, looks ahead, and I--and then I stepped down to go to the road and I guess I fell.' " Aplt.App. at 280. Mrs. Rothman made corrections to the deposition prior to trial, indicating that she didn't see the difference between the sidewalk and the ledge where she was walking. Thomas McClintok, an employee of the defendants who filled out an accident report at the scene, testified that Mrs. Rothman told him that she was stepping down to the sidewalk from the curb when she fell. Aplt.App. at 301. However, in his written report, Mr. McClintok indicated that his impression of the accident was that she stepped off of the walkway "thinking it was all the same level." Aplt.App. at 84. Finally, defendants' engineering expert testified that the porch was "reasonably visible" and "not unreasonably dangerous." Aplt.Supp.App. at 101.
 
 
 12
 Under Colorado law, the "plainly visible" instruction may be given where the hazard is or should be plainly visible to a reasonable person. Defendants' theory is that the ledge in question was visible and known to Mrs. Rothman. Defendants presented competent evidence in support of their theory. Plaintiffs presented conflicting evidence. Defendants are entitled to an instruction on their theory of the case if properly supported by the evidence, even if the opposing party has presented conflicting evidence. Robinson, 895 F.2d at 657. Furthermore, the instruction was allowable under Colorado's Pizza and Folck cases. The district court did not err in giving the "plainly visible" instruction.
 
 II. Evidence of Subsequent Remedial Measures
 
 13
 Plaintiffs next argue that the district court abused its discretion by refusing to admit evidence of subsequent remedial measures. Following Mrs. Rothman's fall, defendants painted a yellow stripe on the ledge. Although photographs were admitted which showed the yellow stripe, a limiting instruction accompanied the photographs and plaintiffs were not allowed to explore defendants' reasoning for painting the warning stripe, nor admit evidence that the stripe was painted immediately after the accident. Plaintiffs wished to admit evidence that the yellow stripe was painted to improve visibility of the walk and prevent another accident. Aplt.App. at 209, 220.
 
 
 14
 Subsequent remedial measures are admissible to prove ownership, control or feasibility, but not to prove negligence or culpable conduct. F.R.E. 407; Meller v. Heil Co., 745 F.2d 1297, 1299 (10th Cir.), cert. denied, 467 U.S. 1206 (1984). Plaintiffs rely on Rimkus and Martinez, in which evidence of subsequent warning devices was admitted. In Rimkus, the district court admitted the evidence for the limited purpose of showing the feasibility of marking the hazard. On appeal to this Circuit, we held that the admission did not constitute reversible error, and noted that "[t]he trial court might well have chosen to exclude the evidence." Rimkus, 706 F.2d at 1066. The Colorado Court of Appeals followed Rimkus in finding that similar evidence should have been admitted in Martinez. Martinez, 782 P.2d at 829-30. Neither case requires the admission of such evidence.
 
 
 15
 Plaintiffs' reason for seeking admission of the evidence, to show that the warning stripe was painted to improve visibility and prevent other accidents, conveys to the jury an inference of negligence and is contrary to the policy behind rule 407. The district court did not abuse its discretion in denying admission of the proffered evidence.
 
 III. Evidence of Plaintiffs' Income
 
 16
 Finally, Plaintiffs urge that the district court abused its discretion in admitting evidence of the Rothmans' income, because the Rothmans' had not claimed lost earnings. Plaintiffs did claim expenses related to the necessity of hiring an additional employee to assist Mrs. Rothman in her partnership duties. Defendants respond that this claim opened the door for inquiry into plaintiffs' partnership income.
 
 
 17
 " 'A trial court has broad discretion to determine whether evidence is relevant, and its decision will not be reversed on appeal absent a showing of clear abuse of that discretion.' " United States v. Bedonie, 913 F.2d 782, 801 (10th Cir.1990) (quoting Hill v. Bache Halsey Stuart Shields, Inc., 790 F.2d 817, 825 (10th Cir.1986)). We agree with plaintiffs that evidence of their income was not relevant to their damage claim. However, in light of our review of the entire record provided on appeal, we find that any error was harmless. See Fed.R.Civ.P. 61.
 
 
 18
 Accordingly, the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3